```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION


WILLIE LEE GREEN, JR.,            :
                                  :
     Plaintiff,                   :
                                  :
vs.                               :
                                  :    CIVIL ACTION 11-0717-CG-M
CONSUMER MORTGAGE COMPANY, INC.,  :
and JOHN W. HALL,                 :
                                  :
     Defendants.                  :
```

REPORT AND RECOMMENDATION

The Motion to Dismiss filed by Defendants (Doc. 20) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2. After consideration, it is recommended that Defendants' motion be granted.

The facts are, briefly, as follows. On January 20, 2005, Plaintiff Willie Lee Green, Jr. offered to purchase a house located at 1057 Stewart Road in Mobile, Alabama from Seller and Defendant John Hall; the purchase offer states that Green would rent the house until he had paid a total of ten thousand dollars as a down payment, within the initial two years of the agreement, at which time a vendor's lien deed would be tendered (Doc. 1, p. 30). On January 17, 2006, Plaintiff signed a document entitled Note Payable in which he agreed to make

1

monthly payments with an interest rate of ten percent, beginning on February 1, 2006, for a loan of $75,000; payments were to be made to the lender and Defendant Consumer Mortgage Company, Inc. (hereinafter *CMCI*) (Doc. 1, pp. 19-21).  The Note was secured by a Vendor Lien's Deed dated January 17, 2006 (*see* Doc. 1, p. 20, ¶ 5).  The document went on to state that if the loan was not paid in full by January 1, 2011, the interest rate would increase to 10.75%; the Note included a provision allowing for fees in the event of late payment (Doc. 1, pp. 19-21).

Documents submitted by Green indicate that a letter, dated July 9, 2008, on CMCI letterhead and signed by Hall, informed him that he had not made three monthly payments and owed ten late charges, plus a fee, for a total of $2,325.00 due (Doc. 1, p. 22).  A letter to Plaintiff from Hall, dated March 15, 2010, stated that he was in arrears on three monthly payments; those payments plus thirty-two months of late payments totaled $4,030.00 due (Doc. 1, pp. 23-24).  A letter to Green, on CMCI letterhead over Hall's signature dated October 20, 2011, informed Plaintiff that he was delinquent three payments and that he owed a total of $4,125.00, including late fees; the letter further stated that his account was very much past due and that he was "subject to foreclosure or other legal action at any time" (Doc. 15, p. 27; *see generally* pp. 26-27).  On

December 7, 2011, Attorney Leon F. Stamp, Jr., representing CMCI, sent a letter to Green informing him that he was in default on his loan, that he owed $77,463.67 plus interest and other costs, and that Stamp was instituting foreclosure proceedings against him (Doc. 15, pp. 16-18).

On December 16, 2011, Green filed a complaint in this Court asserting racially discriminatory action against Defendants CMCI and Hall (Doc. 1); Plaintiff filed an Amended Complaint on March 15, 2012 (Doc. 15; *see* Doc. 16).  Though asserting no particular jurisdiction for this action, Green has variously referenced the following federal statutes:  The Fair Housing Act, 42 U.S.C. § 3614 (Doc. 1, p. 4); 42 U.S.C. § 1982 (Doc. 1, p. 8); The Fair Debt Collection Act, 15 U.S.C. § 1692(j) (Doc. 15, p. 3); 42 U.S.C. § 1981 (Doc. 15, p. 12); 42 U.S.C. § 1985 (Doc. 24, p. 2); and the Equal Credit Opportunity Act (Doc. 25, p. 2).

On March 20, 2012, Defendants filed this Motion to Dismiss (Doc. 20), asserting that Green has failed to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6).  Green has filed two responses to the Motion (Docs. 24, 25) to which Defendants have filed a reply (Doc. 26).

The Court notes, initially, that "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its

consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  The U.S. Supreme Court explained that the purpose of the rule was to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).[1]  While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" "a formulaic recitation of the elements of a cause will not do." *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted).  "Facts that are

---

[1]*Conley* also stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46.  The U.S. Supreme Court has done away with this standard in *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 557-563 (2007).  The Court, nevertheless, finds *Conley*'s statement regarding the purpose of Rule 8(a)(2) to be useful here in deciphering the analysis necessary for evaluating Plaintiff's claims.

'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitle[ment] to relief."'"  *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombley*, 550 U.S. 557) (quoting *DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999)).  "Only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombley*, 550 U.S. at 556).  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of conduct, the complaint has alleged— but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).  As noted by the Supreme Court, Plaintiffs must "nudge[] their claims across the line from conceivable to plausible[; otherwise,] their complaint must be dismissed."  *Twombly*, 550 U.S. at 570.  It is noted, however, that a complaint may be dismissed, under Federal Rule of Civil Procedure 12(b)(6), "on the basis of a dispositive issue of law."  *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir.) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)), *cert. denied*, 502 U.S. 810 (1991).

In this action, Green has asserted that the Defendants did the following:  committed racial discrimination and "predatory lender's practices of harassment through deception" (Doc. 1, p. 1); refused to accept refinancing from a different bank because it was African American (Doc. 1, p. 3); denied that payments were actually made and extorted late fees (Doc. 1, p. 4); made threats of foreclosure through the mail (Doc. 1, pp. 4-5); misconstrued contract language (Doc. 1, p. 6); reported false information about him to the credit bureaus (Doc. 1, pp. 7-8); and committed fraudulent representation through their attorney[2] using U.S. mail (Doc. 15, pp. 3-4).

In spite of these assertions, the Court finds that this is not a well-pleaded complaint and that Plaintiff has not demonstrated that he is entitled to any relief as required in *Iqbal*.  Though Green's assertions suggest the possibility that Defendant's conduct is actionable, the assertions amount to no

---

[2]The Court notes that Defendants' attorney has not been named as a party in this action though multiple assertions have been made against him (Doc. 15, pp. 1, 2, 3, 4, 9, 12).
  The Court also notes that Plaintiff has referenced Janette Monroe Bell, who he says was treated in similar fashion by Defendants, as support for his claims (*see* Doc. 1, pp. 4, 6, 9-10; Doc. 15, p. 10; *see* Doc. 24, pp. 2, 6-13); Bell is not a party to this action and these assertions are of no benefit to Plaintiff in this action.

more than that:  assertions.[3]

Therefore, it is recommended that Defendant's Motion to Dismiss (Doc. 20) be granted and that this action be dismissed. It is further recommended that judgment be entered in favor of Defendants Consumer Mortgage Company, Inc. and John W. Hall and against Plaintiff Willie Lee Green, Jr. on all claims.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time

---

[3]The Court notes that a local attorney met with Plaintiff, at the Court's request, to discuss his case; after meeting with counsel, Green declined to avail himself of the attorney's help (*see* Docs. 21-22).  The Court also notes that Plaintiff's other attempts to secure counsel have also been fruitless (*see* Doc. 1, pp. 13-18).

is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 13th day of June, 2012.

                                         s/BERT. W. MILLING, JR.
                                         UNITED STATES MAGISTRATE JUDGE